UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY,<br><br>    **Plaintiff,**<br><br>v.<br><br>DELINQUENT TAXPAYERS AS SHOWN ON 2013 REAL PROPERTY TAX RECORDS OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, *et al.*,<br><br>    **Defendants.** | No. 3:15-cv-0447<br>Chief Judge Sharp/Brown |

**To: The Honorable Kevin H. Sharp, United States District Judge.**

## REPORT AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained below that **1)** this case be **REMANDED** because the Court lacks jurisdiction, the Defendant failed to comply with a court order per Fed. R. Civ. P. 41(b), and the Defendant has not properly removed this case, and **2)** therefore this case be **REMANDED** to state court.

### I. Background

The Defendant filed a notice of petition on April 17, 2015 for removal of state court cause number 15-282-IV into the jurisdiction of the United States District Court. (Doc. 1) The pleading was signed by "Yusuf Abdullah by P.O.A." (Doc. 1, ¶ 5) This case was referred to the Magistrate Judge on April 25, 2015. (Doc. 3)

### II. Legal Discussion

The only real defendant in this case appears to be Masjid Al-Islam, Inc. (Doc. 1) From the pleading it appears that this Defendant is a corporation. A corporation must be represented by

an attorney. A nonattorney may not represent a corporation or file pleadings on its behalf. *U.S. S.E.C. v. Merklinger*, 489 Fed. App'x. 937 (6th Cir. 2012); *Terrell Demolition v. City of Cincinnati*, 786 F.2d 1166 (6th Cir. 1986); M.D. Tenn. R. 83.01(d)(3).

The Magistrate Judge issued an order on April 24, 2015 in which the Defendant was given fourteen (14) days to be properly represented by an attorney and to file a pleading with the Court showing that this Court has jurisdiction. (Doc. 5) The Defendant received the order on May 1, 2015. (Doc. 8) The Defendant has not complied with the Magistrate Judge's order, the time is now past for him to do so, and has not moved for an extension of time.

### III. Recommendation

This Court lacks jurisdiction in this matter because the Defendant failed to properly file the removal petition. The case should be remanded to the state court from which it was removed. Further, the Defendant failed to comply with the Court's order to show proper removal.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 727 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 28th day of May, 2015.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge